Sergei A. Orel
MUNCK WILSON MANDALA LLP
12770 Coit Road
Dallas, Texas 75251
Telephone:    972-628-3600
Facsimile:    972-628-3616
sorel@munckwilson.com

OF COUNSEL:

Michael C. Wilson (*pro hac vice forthcoming*)
Jordan C. Strauss (*pro hac vice forthcoming*)
MUNCK WILSON MANDALA LLP
12770 Coit Road
Dallas, Texas 75251
Telephone:    972-628-3600
Facsimile:    972-628-3616
mwilson@munckwilson.com
jstrauss@munckwilson.com
*ATTORNEYS FOR PLAINTIFFS
GALDERMA LABORATORIES, L.P.,
GALDERMA S.A., AND
GALDERMA HOLDING S.A.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **GALDERMA LABORATORIES, L.P.,<br>GALDERMA S.A., and<br>GALDERMA HOLDING S.A.**<br><br>                    **Plaintiffs,**<br><br>**v.**<br><br>**ZYDUS PHARMACEUTICALS (USA)<br>INC.,**<br><br>                  **Defendant.** | **CIVIL ACTION NO. _____** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs GALDERMA LABORATORIES, L.P., GALDERMA S.A., and GALDERMA

HOLDING, S.A., (collectively, "Galderma" or "Plaintiffs") file this Complaint for patent

**COMPLAINT FOR PATENT INFRINGEMENT**                                                    **PAGE 1**

infringement against Defendant ZYDUS PHARMACEUTICALS (USA) INC. ("Zydus" or "Defendant") as follows:

## THE PARTIES

1.      Galderma Laboratories, L.P. ("GLLP") is a Texas limited partnership with its principal place of business at 14501 North Freeway, Fort Worth, Texas 76177. GLLP holds the exclusive right to use, manufacture, and sell Galderma's patented products in the United States, including Soolantra® (ivermectin) Cream 1%, under FDA approval of New Drug Application ("NDA") No. 206255, approved December 19, 2014. Moreover, GLLP is responsible for seeking regulatory approvals of Galderma's products in the United States and is the sole owner of NDA No. 206255. Soolantra® (ivermectin) Cream, 1% is indicated for the treatment of inflammatory lesions of rosacea.

2.      Galderma S.A. ("GSA") is a Swiss company with its principal place of business at World Trade Center, Avenue de Gratta-Paille 2, 1018 Lausanne, Switzerland. GSA is an exclusive licensee of the Asserted Patents. GSA has granted GLLP exclusive rights under the Asserted Patents to GLLP.

3.      Galderma Holding S.A. ("GSHSA") is a Swiss company with its principal place of business at Avenue Gratta-Paille 2, CH-1018 Lausanne, Switzerland. GSHSA is the owner of U.S. Patent No. 9,089,587 (the "'587 Patent"), U.S. Patent No. 9,233,117 (the "'117 Patent"), U.S. Patent No. 9,233,118 (the "'118 Patent"), U.S. Patent No. 9,782,425 (the "'425 Patent"), and U.S. Patent No. 10,206,939 (the "'939 Patent") (collectively, the "Asserted Patents"). A copy of the '587 Patent is attached as Exhibit A. A copy of the '117 Patent is attached as Exhibit B. A copy of the '118 Patent is attached as Exhibit C. A copy of the '425 Patent is attached as Exhibit D. A copy of the '939 Patent is attached as Exhibit E.

4.      Zydus is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business at 73 Route 31 North Pennington, New Jersey 08534. Zydus may be served with process by and through its registered agent for service of process, Joseph D. Renner at 73 Route 31 North Pennington, New Jersey 08534.

## JURISDICTION

5.      This is a complaint for patent infringement. This action arises under the patent laws of the United States, 35 U.S.C. §§ 100 et seq., as well as the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02. This Court has jurisdiction over the subject matter of the claims asserted pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court has personal jurisdiction over Zydus because Zydus is a New Jersey corporation with a principal place of business in New Jersey.

## VENUE

7.       Venue in this Court is proper under 28 U.S.C. § 1400(b) because Zydus is a New Jersey corporation with a principal place of business in New Jersey.

## BACKGROUND FACTS

**A.      The '587 Patent**

8.      On July 28, 2015, the USPTO issued the '587 Patent, entitled "Treatment of Papulopustular Rosacea with Ivermectin," to GSA.

9.      The '587 Patent is valid, enforceable, and has not expired.

**B.      The '117 Patent**

10.      On January 12, 2016, the USPTO issued the '117 Patent, entitled "Treatment of Inflammatory Lesions of Rosacea with Ivermectin," to GSA.

11.      The '117 Patent is valid, enforceable, and has not expired.

**C.    The '118 Patent**

12.    On January 12, 2016, the USPTO issued the '118 Patent, entitled "Treatment of Papulopustular Rosacea with Ivermectin," to GSA.

13.    The '118 Patent is valid, enforceable, and has not expired.

**D.    The '425 Patent**

14.    On October 10, 2017, the USPTO issued the '425 Patent, entitled "Treatment of Papulopustular Rosacea with Ivermectin," to GSA.

15.    The '425 Patent is valid, enforceable, and has not expired.

**E.    The '939 Patent**

16.    On February 19, 2019, the USPTO issued the '939 Patent, entitled "Treatment of Papulopustular Rosacea with Ivermectin," to GSA.

17.    The '939 Patent is valid, enforceable, and has not expired.

**F.    Soolantra® (Ivermectin) Cream 1%**

18.    GLLP is the exclusive owner of NDA No. 206255, giving it sole permission to market and sell Soolantra® (ivermectin) Cream, 1% in the United States. On December 19, 2014, GLLP obtained FDA approval to market Soolantra® (ivermectin) Cream, 1%. The '587 Patent, '117 Patent, '118 Patent, '425 Patent, and '939 Patent are listed in the FDA publication entitled, "Approved Drug Products with Therapeutic Equivalence Evaluations" (known as the "Orange Book") as covering Soolantra® (ivermectin) Cream, 1%.

**G.    Zydus' Infringement**

19.    Zydus is in the business of developing, manufacturing, and marketing generic pharmaceutical products.

COMPLAINT FOR PATENT INFRINGEMENT                                    PAGE 4

20.      Prior to November 2, 2020, Zydus decided to file ANDA No. 215210 (the "ANDA") covering a generic version of Soolantra® (Ivermectin) Cream 1% (the "Accused Product") seeking FDA approval to market and sell a generic version of Soolantra® (Ivermectin) Cream 1%.

21.      During the process of preparing such application, Zydus reviewed the '587 Patent, '117 Patent, '118 Patent, '425 Patent, and '939 Patent as well as certain commercial and economic information relating to Soolantra® (Ivermectin) Cream 1%. On information and belief, the information reviewed by Zydus relating to Soolantra® (Ivermectin) Cream 1% includes the FDA approved label for that drug product.

22.      Zydus submitted the ANDA seeking approval to engage in the commercial manufacture, use, and sale of the Accused Product prior to the expiration of the '587 Patent, '117 Patent, '118 Patent, '425 Patent, and '939 Patent.

23.      The Accused Product that is the subject of the ANDA will directly and indirectly infringe one or more claims of the '587 Patent, '117 Patent, '118 Patent, '425 Patent, and '939 Patent, either literally or under the doctrine of equivalents.

24.      On or about November 2, 2020, Zydus sent the Paragraph IV Certification to GLLP in Fort Worth, Texas as well as to GSA. Through the Paragraph IV Certification, Zydus first notified Plaintiffs that Zydus had filed the ANDA with the FDA relating to the Accused Product, and that the ANDA includes a certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) that, in Zydus' opinion, the claims of the '587 Patent, '117 Patent, '118 Patent, '425 Patent, and '939 Patent are invalid unenforceable, and/or will not be infringed by the commercial manufacture, use, offer for sale, sale, or importation of the Accused Product.

25.    Zydus was aware of the '587 Patent, '117 Patent, '118 Patent, '425 Patent, and '939 Patent when it filed the ANDA and/or sent the Paragraph IV Certification.

26.    Plaintiffs have commenced this action within 45 days of the date that they received the Paragraph IV Certification.

27.    Zydus intends to continue seeking approval of the ANDA from the FDA, and to engage in the commercial manufacture, marketing, and sale of the Accused Product (including commercial marketing and sale of the Accused Product in the State of New Jersey and this District), in the event that the FDA approves the ANDA.

## COUNT I:
## INFRINGEMENT OF U.S. PATENT NO. 9,089,587

28.    Plaintiffs incorporate paragraphs 1 through 27 above by reference as if fully set forth herein.

29.    The '587 Patent is valid, enforceable, and has not expired.

30.    By seeking approval of the ANDA to engage in the commercial manufacture, use, sale, or offer for sale within the United States, or importation into the United States, of Zydus' Accused Product prior to the expiration of the '587 Patent, Zydus has infringed at least claim 1 of the '587 Patent under 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents.

31.    The Accused Product and/or its use as directed infringes one or more of the claims of the '587 Patent, including at least claim 1, either literally or under the doctrine of equivalents. As such, under 35 U.S.C. § 271(e)(2)(A), Zydus has infringed the '587 Patent by submitting the ANDA seeking permission to commercially manufacture, use, or sell the Accused Product prior to the expiration of the '587 Patent.

32.    Zydus will induce infringement of one or more claims of the '587 Patent—in violation of Plaintiffs' patent rights—if the FDA approves the sale of the Accused Product with instructions and labeling that will result in direct infringement of one or more claims of the '587 Patent, including at least claim 1, by users of the Accused Product. The proposed label for the Accused Product must include the same information as the approved label for Soolantra® (Ivermectin) Cream 1%, including substantially identical dosage and administration information and drug product description.

33.    Zydus seeks approval of at least one indication for the Accused Product that is claimed in the '587 Patent. Because the proposed label for the Accused Product must mirror the approved label for Soolantra® (Ivermectin) Cream 1%, if approved, the label for the Accused Product will state that the Accused Product is indicated for treatment of inflammatory lesions of rosacea in accordance with the methods claimed in the '587 Patent.  The proposed label also will include reference to clinical studies showing that use of the Accused Product in accordance with the methods claimed in the '587 Patent will achieve certain clinical benefits and efficacy(ies), including with respect to reductions of inflammatory lesions and success in treating rosacea, as claimed in the '587 Patent. Zydus's sale and marketing of the Accused Product will therefore encourage use of the Accused Product for the treatment of rosacea as set forth in one or more claims of the '587 Patent.

34.    Zydus intends that physicians will prescribe, and patients will use, the Accused Product in accordance with the indication(s) sought by Zydus and will therefore infringe one or more claims of the '587 Patent under 35 U.S.C. § 271(b).

35.    Pursuant to the Drug Price Competition and Patent Term Restoration Act, 21 U.S.C. § 355 et seq., Zydus' ANDA must include information showing that the Accused Product

(1) contains the same active ingredients as Soolantra® (Ivermectin) Cream 1% [21 U.S.C. § 355(j)(2)(A)(II)]; (2) has the same route of administration, dosage form, and strength as Soolantra® (Ivermectin) Cream 1% [21 U.S.C. § 355(j)(2)(A)(iii)]; and (3) is bioequivalent and/or has the same therapeutic effect as Soolantra® (Ivermectin) Cream 1% [21 U.S.C. § 355(j)(2)(A)(iv)].

36.    As such, under 35 U.S.C. § 271(e)(2)(A), Zydus has infringed the '587 Patent by submitting the ANDA seeking permission to commercially manufacture, use, or sell the Accused Product prior to the expiration of the '587 Patent.

37.    As a result of Zydus' infringement, Plaintiffs are entitled to a declaration that the Accused Product infringes the '587 Patent if made, used as directed, sold, offered for sale, or imported during the term of the '587 Patent.

38.    Plaintiffs will be substantially and irreparably harmed by Zydus' infringing activities unless those activities are enjoined by this Court. Plaintiffs have no adequate remedy at law.

39.    As a result of Zydus' infringement, Plaintiffs are entitled to permanent injunctive relief, restraining and enjoining Zydus and all those in privity or acting in concert with Zydus from manufacturing, selling, offering to sell, or importing the Accused Product during the term of the '587 Patent, or from otherwise infringing or inducing the infringement of the '587 Patent.

**COUNT II:**
**INFRINGEMENT OF U.S. PATENT NO. 9,233,117**

40.    Plaintiffs incorporate paragraphs 1 through 39 above by reference as if fully set forth herein.

41.    The '117 Patent is valid, enforceable, and has not expired.

42.     By seeking approval of the ANDA to engage in the commercial manufacture, use, sale, or offer for sale within the United States, or importation into the United States, of Zydus' Accused Product prior to the expiration of the '117 Patent, Zydus has infringed at least claim 1 of the '117 Patent under 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents.

43.     The Accused Product and/or its use as directed infringes one or more of the claims of the '117 Patent, including at least claim 1, either literally or under the doctrine of equivalents. As such, under 35 U.S.C. § 271(e)(2)(A), Zydus has infringed the '117 Patent by submitting the ANDA seeking permission to commercially manufacture, use, or sell the Accused Product prior to the expiration of the '117 Patent.

44.     Zydus will induce infringement of one or more claims of the '117 Patent—in violation of Plaintiffs' patent rights—if the FDA approves the sale of the Accused Product with instructions and labeling that will result in direct infringement of one or more claims of the '117 Patent, including at least claim 1, by users of the Accused Product. The proposed label for the Accused Product must include the same information as the approved label for Soolantra® (Ivermectin) Cream 1%, including substantially identical dosage and administration information and drug product description.

45.     Zydus seeks approval of at least one indication for the Accused Product that is claimed in the '117 Patent. Because the proposed label for the Accused Product must mirror the approved label for Soolantra® (Ivermectin) Cream 1%, if approved, the label for the Accused Product will state that the Accused Product is indicated for treatment of inflammatory lesions of rosacea in accordance with the methods claimed in the '117 Patent.  The proposed label also will include reference to clinical studies showing that use of the Accused Product in accordance with

the methods claimed in the '117 Patent will achieve certain clinical benefits and efficacy(ies), including with respect to reductions of inflammatory lesions and success in treating rosacea, as claimed in the '117 Patent. Zydus's sale and marketing of the Accused Product will therefore encourage use of the Accused Product for the treatment of rosacea as set forth in one or more claims of the '117 Patent.

46.    Zydus intends that physicians will prescribe, and patients will use, the Accused Product in accordance with the indication(s) sought by Zydus and will therefore infringe one or more claims of the '117 Patent under 35 U.S.C. § 271(b).

47.    Pursuant to the Drug Price Competition and Patent Term Restoration Act, 21 U.S.C. § 355 et seq., Zydus' ANDA must include information showing that the Accused Product (1) contains the same active ingredients as Soolantra® (Ivermectin) Cream 1% [21 U.S.C. § 355(j)(2)(A)(II)]; (2) has the same route of administration, dosage form, and strength as Soolantra® (Ivermectin) Cream 1% [21 U.S.C. § 355(j)(2)(A)(iii)]; and (3) is bioequivalent and/or has the same therapeutic effect as Soolantra® (Ivermectin) Cream 1% [21 U.S.C. § 355(j)(2)(A)(iv)].

48.    As such, under 35 U.S.C. § 271(e)(2)(A), Zydus has infringed the '117 Patent by submitting the ANDA seeking permission to commercially manufacture, use, or sell the Accused Product prior to the expiration of the '117 Patent.

49.    As a result of Zydus' infringement, Plaintiffs are entitled to a declaration that the Accused Product infringes the '117 Patent if made, used as directed, sold, offered for sale, or imported during the term of the '117 Patent.

50.     Plaintiffs will be substantially and irreparably harmed by Zydus' infringing activities unless those activities are enjoined by this Court. Plaintiffs have no adequate remedy at law.

51.     As a result of Zydus' infringement, Plaintiffs are entitled to permanent injunctive relief, restraining and enjoining Zydus and all those in privity or acting in concert with Zydus from manufacturing, selling, offering to sell, or importing the Accused Product during the term of the '117 Patent, or from otherwise infringing or inducing the infringement of the '117 Patent.

## COUNT III:
## INFRINGEMENT OF U.S. PATENT NO. 9,233,118

52.     Plaintiffs incorporate paragraphs 1 through 51 above by reference as if fully set forth herein.

53.     The '118 Patent is valid, enforceable, and has not expired.

54.     By seeking approval of the ANDA to engage in the commercial manufacture, use, sale, or offer for sale within the United States, or importation into the United States, of Zydus' Accused Product prior to the expiration of the '118 Patent, Zydus has infringed at least claim 1 of the '118 Patent under 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents.

55.     The Accused Product and/or its use as directed infringes one or more of the claims of the '118 Patent, including at least claim 1, either literally or under the doctrine of equivalents. As such, under 35 U.S.C. § 271(e)(2)(A), Zydus has infringed the '118 Patent by submitting the ANDA seeking permission to commercially manufacture, use, or sell the Accused Product prior to the expiration of the '118 Patent.

56.     Zydus will induce infringement of one or more claims of the '118 Patent—in violation of Plaintiffs' patent rights—if the FDA approves the sale of the Accused Product with

instructions and labeling that will result in direct infringement of one or more claims of the '118 Patent, including at least claim 1, by users of the Accused Product. The proposed label for the Accused Product must include the same information as the approved label for Soolantra® (Ivermectin) Cream 1%, including substantially identical dosage and administration information and drug product description.

57.     Zydus seeks approval of at least one indication for the Accused Product that is claimed in the '118 Patent. Because the proposed label for the Accused Product must mirror the approved label for Soolantra® (Ivermectin) Cream 1%, if approved, the label for the Accused Product will state that the Accused Product is indicated for treatment of inflammatory lesions of rosacea in accordance with the methods claimed in the '118 Patent.  The proposed label also will include reference to clinical studies showing that use of the Accused Product in accordance with the methods claimed in the '118 Patent will achieve certain clinical benefits and efficacy(ies), including with respect to reductions of inflammatory lesions and success in treating rosacea, as claimed in the '118 Patent. Zydus's sale and marketing of the Accused Product will therefore encourage use of the Accused Product for the treatment rosacea as set forth in one or more claims of the '118 Patent.

58.     Zydus intends that physicians will prescribe, and patients will use, the Accused Product in accordance with the indication(s) sought by Zydus and will therefore infringe one or more claims of the '118 Patent under 35 U.S.C. § 271(b).

59.     Pursuant to the Drug Price Competition and Patent Term Restoration Act, 21 U.S.C. § 355 et seq., Zydus' ANDA must include information showing that the Accused Product (1) contains the same active ingredients as Soolantra® (Ivermectin) Cream 1% [21 U.S.C. § 355(j)(2)(A)(II)]; (2) has the same route of administration, dosage form, and strength as

Soolantra® (Ivermectin) Cream 1% [21 U.S.C. § 355(j)(2)(A)(iii)]; and (3) is bioequivalent and/or has the same therapeutic effect as Soolantra® (Ivermectin) Cream 1% [21 U.S.C. § 355(j)(2)(A)(iv)].

60.    As such, under 35 U.S.C. § 271(e)(2)(A), Zydus has infringed the '118 Patent by submitting the ANDA seeking permission to commercially manufacture, use, or sell the Accused Product prior to the expiration of the '118 Patent.

61.    As a result of Zydus' infringement, Plaintiffs are entitled to a declaration that the Accused Product infringes the '118 Patent if made, used as directed, sold, offered for sale, or imported during the term of the '118 Patent.

62.    Plaintiffs will be substantially and irreparably harmed by Zydus' infringing activities unless those activities are enjoined by this Court. Plaintiffs have no adequate remedy at law.

63.    As a result of Zydus' infringement, Plaintiffs are entitled to permanent injunctive relief, restraining and enjoining Zydus and all those in privity or acting in concert with Zydus from manufacturing, selling, offering to sell, or importing the Accused Product during the term of the '118 Patent, or from otherwise infringing or inducing the infringement of the '118 Patent.

## COUNT IV:
## INFRINGEMENT OF U.S. PATENT NO. 9,782,425

64.    Plaintiffs incorporate paragraphs 1 through 63 above by reference as if fully set forth herein.

65.    The '425 Patent is valid, enforceable, and has not expired.

66.    By seeking approval of the ANDA to engage in the commercial manufacture, use, sale, or offer for sale within the United States, or importation into the United States, of Zydus' Accused Product prior to the expiration of the '425 Patent, Zydus has infringed at least claim 1

of the '425 Patent under 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents.

67.    The Accused Product and/or its use as directed infringes one or more of the claims of the '425 Patent, including at least claim 1, either literally or under the doctrine of equivalents. As such, under 35 U.S.C. § 271(e)(2)(A), Zydus has infringed the '425 Patent by submitting the ANDA seeking permission to commercially manufacture, use, or sell the Accused Product prior to the expiration of the '425 Patent.

68.    Zydus will induce infringement of one or more claims of the '425 Patent—in violation of Plaintiffs' patent rights—if the FDA approves the sale of the Accused Product with instructions and labeling that will result in direct infringement of one or more claims of the '425 Patent, including at least claim 1, by users of the Accused Product. The proposed label for the Accused Product must include the same information as the approved label for Soolantra® (Ivermectin) Cream 1%, including substantially identical dosage and administration information and drug product description.

69.    Zydus seeks approval of at least one indication for the Accused Product that is claimed in the '425 Patent. Because the proposed label for the Accused Product must mirror the approved label for Soolantra® (Ivermectin) Cream 1%, if approved, the label for the Accused Product will state that the Accused Product is indicated for treatment of inflammatory lesions of rosacea in accordance with the methods claimed in the '425 Patent. The proposed label also will include reference to clinical studies showing that use of the Accused Product in accordance with the methods claimed in the '425 Patent will achieve certain clinical benefits and efficacy(ies), including with respect to reductions of inflammatory lesions and success in treating rosacea, as claimed in the '425 Patent. Zydus's sale and marketing of the Accused Product will therefore

encourage use of the Accused Product for the treatment of rosacea as set forth in one or more claims of the '425 Patent.

70.     Zydus intends that physicians will prescribe, and patients will use, the Accused Product in accordance with the indication(s) sought by Zydus and will therefore infringe one or more claims of the '425 Patent under 35 U.S.C. § 271(b).

71.     Pursuant to the Drug Price Competition and Patent Term Restoration Act, 21 U.S.C. § 355 et seq., Zydus' ANDA must include information showing that the Accused Product (1) contains the same active ingredients as Soolantra® (Ivermectin) Cream 1% [21 U.S.C. § 355(j)(2)(A)(II)]; (2) has the same route of administration, dosage form, and strength as Soolantra® (Ivermectin) Cream 1% [21 U.S.C. § 355(j)(2)(A)(iii)]; and (3) is bioequivalent and/or has the same therapeutic effect as Soolantra® (Ivermectin) Cream 1% [21 U.S.C. § 355(j)(2)(A)(iv)].

72.     As such, under 35 U.S.C. § 271(e)(2)(A), Zydus has infringed the '425 Patent by submitting the ANDA seeking permission to commercially manufacture, use, or sell the Accused Product prior to the expiration of the '425 Patent.

73.     As a result of Zydus' infringement, Plaintiffs are entitled to a declaration that the Accused Product infringes the '425 Patent if made, used as directed, sold, offered for sale, or imported during the term of the '425 Patent.

74.     Plaintiffs will be substantially and irreparably harmed by Zydus' infringing activities unless those activities are enjoined by this Court. Plaintiffs have no adequate remedy at law.

75.     As a result of Zydus' infringement, Plaintiffs are entitled to permanent injunctive relief, restraining and enjoining Zydus and all those in privity or acting in concert with Zydus

from manufacturing, selling, offering to sell, or importing the Accused Product during the term of the '425 Patent, or from otherwise infringing or inducing the infringement of the '425 Patent.

## COUNT V:
## INFRINGEMENT OF U.S. PATENT NO. 10,206,939

76.    Plaintiffs incorporate paragraphs 1 through 75 above by reference as if fully set forth herein.

77.    The '939 Patent is valid, enforceable, and has not expired.

78.    By seeking approval of the ANDA to engage in the commercial manufacture, use, sale, or offer for sale within the United States, or importation into the United States, of Zydus' Accused Product prior to the expiration of the '939 Patent, Zydus has infringed at least claim 1 of the '939 Patent under 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents.

79.    The Accused Product and/or its use as directed infringes one or more of the claims of the '939 Patent, including at least claim 1, either literally or under the doctrine of equivalents. As such, under 35 U.S.C. § 271(e)(2)(A), Zydus has infringed the '939 Patent by submitting the ANDA seeking permission to commercially manufacture, use, or sell the Accused Product prior to the expiration of the '939 Patent.

80.    Zydus will induce infringement of one or more claims of the '939 Patent—in violation of Plaintiffs' patent rights—if the FDA approves the sale of the Accused Product with instructions and labeling that will result in direct infringement of one or more claims of the '939 Patent, including at least claim 1, by users of the Accused Product. The proposed label for the Accused Product must include the same information as the approved label for Soolantra® (Ivermectin) Cream 1%, including substantially identical dosage and administration information and drug product description.

81.     Zydus seeks approval of at least one indication for the Accused Product that is claimed in the '939 Patent. Because the proposed label for the Accused Product must mirror the approved label for Soolantra® (Ivermectin) Cream 1%, if approved, the label for the Accused Product will state that the Accused Product is indicated for treatment of inflammatory lesions of rosacea in accordance with the methods claimed in the '939 Patent. The proposed label also will include reference to clinical studies showing that use of the Accused Product in accordance with the methods claimed in the '939 Patent will achieve certain clinical benefits and efficacy(ies), including with respect to reductions of inflammatory lesions and success in treating rosacea, as claimed in the '939 Patent. Zydus's sale and marketing of the Accused Product will therefore encourage use of the Accused Product for the treatment rosacea as set forth in one or more claims of the '939 Patent.

82.     Zydus intends that physicians will prescribe, and patients will use, the Accused Product in accordance with the indication(s) sought by Zydus and will therefore infringe one or more claims of the '939 Patent under 35 U.S.C. § 271(b).

83.     Pursuant to the Drug Price Competition and Patent Term Restoration Act, 21 U.S.C. § 355 et seq., Zydus' ANDA must include information showing that the Accused Product (1) contains the same active ingredients as Soolantra® (Ivermectin) Cream 1% [21 U.S.C. § 355(j)(2)(A)(II)]; (2) has the same route of administration, dosage form, and strength as Soolantra® (Ivermectin) Cream 1% [21 U.S.C. § 355(j)(2)(A)(iii)]; and (3) is bioequivalent and/or has the same therapeutic effect as Soolantra® (Ivermectin) Cream 1% [21 U.S.C. § 355(j)(2)(A)(iv)].

84.     As such, under 35 U.S.C. § 271(e)(2)(A), Zydus has infringed the '939 Patent by submitting the ANDA seeking permission to commercially manufacture, use, or sell the Accused Product prior to the expiration of the '939 Patent.

85.     As a result of Zydus' infringement, Plaintiffs are entitled to a declaration that the Accused Product infringes the '939 Patent if made, used as directed, sold, offered for sale, or imported during the term of the '939 Patent.

86.     Plaintiffs will be substantially and irreparably harmed by Zydus' infringing activities unless those activities are enjoined by this Court. Plaintiffs have no adequate remedy at law.

87.     As a result of Zydus' infringement, Plaintiffs are entitled to permanent injunctive relief, restraining and enjoining Zydus and all those in privity or acting in concert with Zydus from manufacturing, selling, offering to sell, or importing the Accused Product during the term of the '939 Patent, or from otherwise infringing or inducing the infringement of the '939 Patent.

## DEMAND FOR JURY TRIAL

In the event Zydus commercially manufactures, uses, sells, offers to sell, or imports the Accused Product prior to trial, Plaintiffs demand trial by jury of all issues and claims alleged herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

(A)     A declaration that Zydus' commercial manufacture, use, offer for sale, or sale in, or importation into the United States of the Accused Product prior to the date of the expiration of the '587 Patent, '117 Patent, '118 Patent, '425 Patent, and '939 Patent, including any patent

extensions and any additional periods of exclusivity, would constitute infringement of such patents in violation of Plaintiffs' patent rights;

(B)     A declaration, pursuant to 35 U.S.C. § 271(e)(2)(A), that Zydus has infringed the '587 Patent, '117 Patent, '118 Patent, '425 Patent, and '939 Patent by submitting the ANDA to the FDA to obtain approval to commercially manufacture, use, offer for sale, sell in, or import into the United States the Accused Product prior to the expiration of such patents, including any patent extensions and any additional periods of exclusivity, and that the Accused Product infringes such patents;

(C)     An order, pursuant to 35 U.S.C. § 271(e)(4)(A), that the effective date of any approval of the Accused Product described in the ANDA is not to be earlier than the date of the expiration of the '587 Patent, '117 Patent, '118 Patent, '425 Patent, and '939 Patent, including any patent extensions and any additional periods of exclusivity;

(D)     A permanent injunction, pursuant to 35 U.S.C. §§ 271(e)(4)(B) and (D), and 35 U.S.C. § 283, enjoining Zydus and its officers, agents, servants, employees, privies, and others acting for, on behalf of, or in concert with any of them, from commercially manufacturing, using, selling, or offering to sell the Accused Product within the United States; importing the Accused Product into the United States; or otherwise infringing or inducing the infringement of the '587 Patent, '117 Patent, '118 Patent, '425 Patent, and '939 Patent prior to the date of the expiration of such patents, including any patent extensions and any additional periods of exclusivity;

(E)     An award to Plaintiffs, pursuant to 35 U.S.C. § 271(e)(4)(C), of damages and other monetary relief, as a result of Zydus' infringement, to the extent there has been any commercial manufacture, use, offer to sell, or sale within the United States or importation into the United States of the Accused Product prior to the date of the expiration of the '587 Patent,

'117 Patent, '118 Patent, '425 Patent, and '939 Patent including any patent extensions and any

additional periods of exclusivity; and

(F)    Such other and further relief as this Court may deem just and proper.


Dated:  December 17, 2020                                    Respectfully submitted,

                                                            */s/ Sergei Orel*
                                                            Sergei A. Orel
                                                            New Jersey Bar No. 008862001
                                                            MUNCK WILSON MANDALA LLP
                                                            12770 Coit Road
                                                            Dallas, Texas 75251
                                                            Telephone:    972-628-3600
                                                            Facsimile:    972-628-3616
                                                            sorel@munckwilson.com

                                                            OF COUNSEL

                                                            Michael C. Wilson
                                                            (*pro hac vice forthcoming*)
                                                            mwilson@munckwilson.com
                                                            Jordan C. Strauss
                                                            (*pro hac vice forthcoming*)
                                                            jstrauss@munckwilson.com
                                                            MUNCK WILSON MANDALA, LLP
                                                            12770 Coit Road
                                                            Dallas, Texas 75251
                                                            Telephone:    972-628-3600
                                                            Facsimile:    972-628-3616

                                                            **ATTORNEYS FOR PLAINTIFFS
                                                            GALDERMA LABORATORIES, L.P.,
                                                            GALDERMA S.A., AND GALDERMA
                                                            HOLDING S.A.**

## <u>CERTIFICATION UNDER LOCAL RULE 11.2</u>

Pursuant to Local Civil Rule 11.2, I hereby certify that, to the best of my knowledge, the matter in controversy is not the subject of any action pending in any court or of any arbitration or administrative proceeding.


By: */s/ Sergei Orel*
Sergei A. Orel

**COMPLAINT FOR PATENT INFRINGEMENT**                    **PAGE 21**

## <u>CERTIFICATION UNDER LOCAL RULE 201.1</u>

Pursuant to Local Civil Rule 201.1, I hereby certify that the above-captioned matter is not subject to compulsory arbitration in that Plaintiffs seek, *inter alia*, injunctive relief and the amount in controversy exceeds the $150,000 threshold of interest and costs and any claim for punitive damages.

By: */s/ Sergei Orel*
Sergei A. Orel

868196

**COMPLAINT FOR PATENT INFRINGEMENT**                                    **PAGE 22**